MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ROBERTO FRATICELLI, *individually and on*
*behalf of others similarly situated,*

*Plaintiff*,

-against-

SUPER REALTY MANAGEMENT LLC
(D/B/A SUPER REALTY MANAGEMENT),
GOLDMONT ENTERPRISES, INC. (D/B/A
GOLDMONT ENTERPRISES), GOLDMONT
HOLDINGS LLC (D/B/A GOLDMONT
HOLDINGS), GOLDMONT REALTY CORP.
(D/B/A GOLDMONT REALTY), 109TH
STREET ASSOCIATES LP (D/B/A 109 ST.
ASSOCIATES), GREENE PACKAGE
REALTY LLC (D/B/A GREENE PACKAGE
REALTY), VITO MONTALTO , LEON
GOLDENBERG , STUART BERELSON , and
ANDREW DOE ,


*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Roberto Fraticelli ("Plaintiff Fraticelli" or "Mr. Fraticelli"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Super Realty Management LLC (d/b/a Super

Realty Management), Goldmont Enterprises, Inc. (d/b/a Goldmont Enterprises), Goldmont

Holdings LLC (d/b/a Goldmont Holdings), Goldmont Realty Corp. (d/b/a Goldmont Realty),

109th street Associates LP (d/b/a 109 St. Associates), Greene Package Realty LLC (d/b/a Greene

Package Realty), ("Defendant Corporations"), Vito Montalto,  Leon Goldenberg,  Stuart Berelson, and  Andrew Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## <u>NATURE OF ACTION</u>

1.      Plaintiff Fraticelli is a former employee of Defendants Super Realty Management LLC (d/b/a Super Realty Management), Goldmont Enterprises, Inc. (d/b/a Goldmont Enterprises), Goldmont Holdings LLC (d/b/a Goldmont Holdings), Goldmont Realty Corp. (d/b/a Goldmont Realty), 109th street Associates LP (d/b/a 109 St. Associates), Greene Package Realty LLC (d/b/a Greene Package Realty), Vito Montalto, Leon Goldenberg, Stuart Berelson, and Andrew Doe.

2.       Defendants own, operate, or control a building located at 162 E 109th street, New York, NY 10029 under the name "Super Realty Management".

3.      Upon information and belief, individual Defendants Vito Montalto, Leon Goldenberg, Stuart Berelson, and Andrew Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the building as a joint or unified enterprise.

4.      Plaintiff Fraticelli was an employee of Defendants.

5.      Plaintiff Fraticelli was employed as a superintendent at the building located at 162 E 109th street, New York, NY 10029.

6.      At all times relevant to this Complaint, Plaintiff Fraticelli worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Fraticelli appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Fraticelli to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Fraticelli and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.    Plaintiff Fraticelli now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Fraticelli seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Fraticelli's state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a building located in this district.  Further, Plaintiff Fraticelli was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Roberto Fraticelli ("Plaintiff Fraticelli" or "Mr. Fraticelli") is an adult individual residing in New York County, New York.

15.     Plaintiff Fraticelli was employed by Defendants at Super Realty Management  from approximately 1997 until on or about December 19, 2017.

16.     Plaintiff Fraticelli consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a building located at 162 E 109th street, New York, NY 10029 under the name "Super Realty Management".

18.     Upon information and belief, Super Realty Management LLC (d/b/a Super Realty Management) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 162 E 109th street, New York, NY 10029.

19.     Upon information and belief, Goldmont Enterprises, Inc. (d/b/a Goldmont Enterprises) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 306 West 38th Street, 2nd Floor, New York, New York, 10018-2903.

20.     Upon information and belief, Goldmont Holdings LLC (d/b/a Goldmont Holdings) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 1360 E 14th St, Ste 101, Brooklyn, New York, 11230.

21.     Upon information and belief, Goldmont Realty Corp. (d/b/a Goldmont Realty) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1360 East 14th Street Suite 101 Brooklyn, NY 11230.

22.     Upon information and belief, 109th street Associates LP (d/b/a 109 St. Associates) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 162 E 109th street, New York, NY 10029.

23.     Upon information and belief, Greene Package Realty LLC (d/b/a Greene Package Realty) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 162 E 109th street, New York, NY 10029.

24.     Defendant Vito Montalto is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Vito Montalto is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Vito Montalto possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Fraticelli, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Leon Goldenberg is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leon Goldenberg is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Leon Goldenberg possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Fraticelli, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Stuart Berelson is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Stuart Berelson is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Stuart Berelson possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Fraticelli, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Andrew Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Andrew Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Andrew Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Fraticelli, establishes

the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate a building located in the East Harlem section of Manhattan.

29.     Individual Defendants, Vito Montalto, Leon Goldenberg, Stuart Berelson, and Andrew Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Fraticelli's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Fraticelli, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Fraticelli (and all similarly situated employees) and are Plaintiff Fraticelli's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Fraticelli and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants Vito Montalto, Leon Goldenberg, Stuart Berelson, and Andrew Doe operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff Fraticelli's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Fraticelli, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Fraticelli's services.

36.     In each year from 2012 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the buildings on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Fraticelli is a former employee of Defendants who was employed as a superintendent.

39.     Plaintiff Fraticelli seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Roberto Fraticelli*

40.     Plaintiff Fraticelli was employed by Defendants from approximately 1997 until on or about December 19, 2017.

41.     Defendants employed Plaintiff Fraticelli as a superintendent.

42.     Plaintiff Fraticelli regularly handled goods in interstate commerce, such as materials and other supplies produced outside the State of New York.

43.     Plaintiff Fraticelli's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Fraticelli regularly worked in excess of 40 hours per week.

45.     From approximately January 2012 until on or about December 19, 2017, Plaintiff Fraticelli worked as a superintendent for approximately 6 hours per day, 7 days a week (typically 42 hours per week).

46.     Throughout his employment, Defendants paid Plaintiff Fraticelli his wages by check.

47.     From approximately January 2012 until on or about December 2014, Defendants paid Plaintiff Fraticelli a fixed salary of $175 per week.

48.     From approximately January 2015 until on or about December 19, 2017, Defendants paid Plaintiff Fraticelli a fixed salary of $225 per week.

49.     Defendants never granted Plaintiff Fraticelli any breaks or meal periods of any kind.

50.     Plaintiff Fraticelli was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Fraticelli regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Fraticelli an accurate statement of wages, as required by NYLL 195(3).

53.     Defendants did not give any notice to Plaintiff Fraticelli, in English and in Spanish (Plaintiff Fraticelli's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Fraticelli (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

55.     Plaintiff Fraticelli was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

- 10 -

56.     Defendants' pay practices resulted in Plaintiff Fraticelli not receiving payment for all his hours worked, and resulting in Plaintiff Fraticelli's effective rate of pay falling below the required minimum wage rate.

57.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Fraticelli (and similarly situated individuals) worked, and to avoid paying Plaintiff Fraticelli properly for his full hours worked.

60.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Fraticelli and other similarly situated former workers.

62.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

63.     Defendants failed to provide Plaintiff  Fraticelli and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

64.     Defendants failed to provide Plaintiff Fraticelli and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65.     Plaintiff Fraticelli brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

66.     At all relevant times, Plaintiff Fraticelli and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

67.     The claims of Plaintiff Fraticelli stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

68.     Plaintiff Fraticelli repeats and realleges all paragraphs above as though fully set forth herein.

69.     At all times relevant to this action, Defendants were Plaintiff Fraticelli's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Fraticelli (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

70.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

72.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Fraticelli (and the FLSA Class members) at the applicable minimum hourly rate.

73.     Defendants' failure to pay Plaintiff Fraticelli (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

74.     Plaintiff Fraticelli (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

75.     Plaintiff Fraticelli repeats and realleges all paragraphs above as though fully set forth herein.

76.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Fraticelli (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77.     Defendants' failure to pay Plaintiff Fraticelli (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78.     Plaintiff Fraticelli (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

79.     Plaintiff Fraticelli repeats and realleges all paragraphs above as though fully set forth herein.

80.     At all times relevant to this action, Defendants were Plaintiff Fraticelli's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Fraticelli, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

81.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Fraticelli less than the minimum wage.

82.     Defendants' failure to pay Plaintiff Fraticelli the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

83.     Plaintiff Fraticelli was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

84.      Plaintiff Fraticelli repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Fraticelli  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86.     Defendants' failure to pay Plaintiff Fraticelli overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87.     Plaintiff Fraticelli was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

88.      Plaintiff Fraticelli repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants failed to provide Plaintiff Fraticelli with a written notice, in English and in Spanish (Plaintiff Fraticelli's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

90.     Defendants are liable to Plaintiff Fraticelli in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

91.     Plaintiff Fraticelli repeats and realleges all paragraphs above as though fully set forth herein.

92.     With each payment of wages, Defendants failed to provide Plaintiff Fraticelli with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

93.     Defendants are liable to Plaintiff Fraticelli in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fraticelli respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Fraticelli and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Fraticelli and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Fraticelli's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Fraticelli and the FLSA Class members;

(f)     Awarding Plaintiff Fraticelli and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Fraticelli and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fraticelli;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fraticelli;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Fraticelli's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Awarding Plaintiff Fraticelli damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l)     Awarding Plaintiff Fraticelli damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Fraticelli liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Fraticelli and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Fraticelli (and the FLSA Class members) the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Fraticelli demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        January 16, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

BY HAND

December 20, 2017

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Roberto  Fraticelli

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       20 de diciembre, 2017

*Certified as a minority-owned business in the State of New York*