UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROBERT FRATICELLI, individually and on
behalf of others similarly situated,

                           Plaintiff,

-against-

SUPER REALTY MANAGEMENT LLC
(D/B/A SUPER REALTY MANAGEMENT),
GOLDMONT ENTERPRISES, INC. (D/B/A
GOLDMONT ENTERPRISES, GOLDMONT
HOLDINGS LLC (D/B/A GOLDMONT
HOLDINGS), GOLDMONT REALTY CORP.
(D/B/A GOLDMONT REALTY), 109TH
STREET ASSOCIATES LP (D/B/A 109 ST.
ASSOCIATES), GREENE PACKAGE
REALTY LLC (D/B/A GREENE PACKAGE
REALTY), VITO MONTALTO, LEON
GOLDENBERG, STUART BERELSON, and
ANDREW DOE,

                           Defendants.
----------------------------------------------------------------x

Civ. No.: 1:18-cv-00397-GBD

## NEGOTIATED SETTLEMENT AGREEMENT

       WHEREAS, the Plaintiff Robert Fraticelli ("Plaintiff"), and Defendants Super Realty Management LLC (d/b/a Super Realty Management), Goldmont Enterprises, Inc., (d/b/a Goldmont Enterprises), Goldmont Holdings LLC (d/b/a Goldmont Holdings), Goldmont realty Corp. (d/b/a Goldmont Realty), Greene Package Realty LLC (d/b/a Greene Package Realty), and Leon Goldenberg (collectively referred to hereinafter as "Defendants"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiff has made in or by the Complaint in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. 1:18-cv-00397 (the "Lawsuit"), without further litigation or adjudication;

       WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

WHEREAS, a *bona fide* dispute exists as to Plaintiff's claims for alleged unpaid minimum wage and overtime wages;

WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Negotiated Settlement Agreement ("Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiff's alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by counsels for Plaintiff and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1. **Definition of Parties.**

    (a)  "Releasors" shall be defined to include the Plaintiff in this Lawsuit (named and opt-in) for himself and on behalf of any of his respective present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel; and,

    (b)  "Releasees" shall be defined to include Defendants herein, and all presently or formerly related or affiliated persons or entities, family members, or successors, and the employees of any such entity, and any otherwise related persons or entities who Plaintiff claims or may claim employed him within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") at any time during his respective employment at 162 East 109th Street, New York, New York 10029.

2. **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees as follows:

(a) Plaintiff will sign this Agreement, and he authorizes his attorneys to execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as Exhibit A;

(b) Plaintiff shall withdraw, in writing and with prejudice, all complaints, suits, actions, charges, claims and/or other legal proceedings he has instituted against any Releasee, including but not limited to Plaintiff's claims in the Lawsuit. Plaintiff affirms that that he has not instituted any complaint, suit, action, charge, or other legal proceeding against any Releasee that currently is pending other than the Lawsuit. If for any reason any other complaint, suit, action, charge, claim, or other legal proceeding which Plaintiff has instituted against any Releasee is not wholly and finally dismissed with prejudice, Plaintiff shall not, to the extent permitted by law, voluntarily testify, provide documents, or otherwise participate, or permit others to participate on his behalf, in any such litigation, investigation, or other proceeding arising therefrom or associated therewith, and shall not obtain or accept any recovery or relief therefrom;

(c) Plaintiff affirms that he is not presently aware of any grounds for claims against any Releasee other than those asserted in the Complaint that Plaintiff filed in the Lawsuit. Accordingly, and in exchange for the additional consideration to Plaintiff as set forth herein and in sub-Paragraph 3(c) below, Plaintiff also provides in this Agreement a general release of all claims;

(d) Except as may be prohibited by law, Plaintiff shall not institute or be represented in, nor shall he submit or file, or permit to be submitted or filed on his behalf, any lawsuit, charge, claim, complaint, or other legal action or proceeding against any Releasee, based upon any conduct occurring up to and including the date Plaintiff executes this Agreement, whether an individual action or a class action, with any administrative agency, court or other forum, under any federal, state, city, local or other laws, rules, regulations, codes or guidelines. After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges Defendants and all other Releasees of and from any and all claims of any kind (including claims under the Fair Labor Standards Act), known or unknown, that he has or may have based upon any conduct occurring up to and including the date Plaintiff executes this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;

3

- The Employee Retirement Income Security Act of 1974;
- The Age Discrimination in Employment Act;
- The Fair Labor Standards Act;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- Title II of the Genetic Information Non-Discrimination Act;
- The Fair Credit Reporting Act;
- The False Claims Act;
- The Workers Adjustment and Retraining Notification Act;
- The New York Correction Law, including Sections 750-755 thereof;
- The Occupational Safety and Health Act;
- The New York City Human Rights Law;
- The New York City Charter and Administrative Code;
- The New York State Executive Law, including the New York State Human Rights Law;
- The New York False Claims Act;
- The New York Civil Rights Law;
- The New York Labor Law;
- The New York wage, wage-payment, wage-theft and all other wage-hour laws;
- The New York Whistleblower Law;
- The Retaliation/Discrimination provisions of the New York Workers' Compensation Law and the New York State Disabilities Benefits Law;
- The New York State Workers Adjustment and Retraining Notification Act;
- The New York Paid Family Act;
- any local or county law, rule or requirement of any kind;
- any other federal, state or local, human rights, public accommodation, product distribution, wage, wage-hour, wage payment, sales or distribution, whistleblower, *qui tam* (or any other action of similar or other nature), retaliation, discrimination, bias,

4

- civil rights, benefits, pension, labor or any other federal, state or local law, rule, regulation, or ordinance of any kind;
- any benefit plan, compensation plan, severance plan or any other plan, practice or program of any kind;
- any public policy, any contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;
- any amendment to the foregoing; and,
- any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

(e) Plaintiff understands and agrees that the Settlement Amount (described in Paragraph "3" below) is in full satisfaction, and in excess, of any and all obligations Defendants or Releasees may have with respect to Plaintiff's claims for alleged unpaid wages, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiff executes this Agreement. Plaintiff further affirms that he: (1) has no known workplace injuries or occupational diseases; (2) has not alleged retaliation for reporting any allegations of corporate fraud against Defendants or any other Releasee; and (3) has not alleged that any of Defendants' decisions regarding his pay and benefits during his employment through the date of his separation of employment were discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law;

(f) Plaintiff, on behalf of himself and his legal counsel, agree not to contact the media regarding this Agreement or its terms.

(g) Plaintiff acknowledges that he is no longer an employee or alleged employee of Defendants and Plaintiff agrees that the employment relationship has been permanently and irrevocably severed. Defendants (or any other Releasee) shall have no obligation, contractual or otherwise, to hire, rehire or re-employ Plaintiff in the future.

3. **Defendants' Commitments.** In exchange for the promises made herein by Plaintiff contained in Paragraph "2" above, and in the other provisions of this Agreement, Defendants agree as follows:

5

(a) to provide to Plaintiff, through his counsel, the total settlement sum of Twenty-Nine Thousand Dollars and No Cents ($29,000.00) ("the Settlement Amount") in consideration for and in full satisfaction of all claims Plaintiff has or may have against Defendants or any other Releasee, whether known or unknown, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement. The Settlement Amount will be paid by payable to "Michael Faillace & Associates P.C., as attorneys for Robert Fraticelli," and shall be delivered to Plaintiff's counsel within thirty (30) days after Plaintiff has provided (through counsel) this signed Negotiated Settlement Agreement, provided he has not revoked his execution of same within the timeframe outlined herein. The Settlement Amount will be held in escrow by Plaintiff's counsel, and it shall not be cashed, until after the Court has reviewed and approved of this Negotiated Settlement Agreement and "So Ordered" the Parties' Stipulation and Order of Dismissal With Prejudice.

(b) An IRS Form 1099 will be issued for the Settlement Amount. Plaintiff must ensure that his respective share of any and all tax obligations relating to the payment made hereunder is properly filed and/or paid. In the event that any federal, state, or local taxing authority or court determines that taxes, interest, and/or penalties are due and owing as a result of any non-payment by Plaintiff or his respective share of said taxes, any interest, penalties, or other liabilities shall be the sole obligation and liability of that Plaintiff, who shall hold harmless, indemnify, and defend Defendants and pay any of Defendants' reasonable legal fees in connection with defending such claims.

(c) In addition, and as further consideration, Defendants knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, whether known and/or unknown, they have or may have against Plaintiff as of the date of execution of this Agreement.

4. **No Other Entitlement Under the FLSA**. As a consequence of this settlement, Plaintiff affirms that he has been paid and has received all compensation, wages, bonuses, commissions, benefits, and other monies to which he is entitled under the FLSA.

5. **Non-Admission of Wrongdoing**. Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or

construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

6. **Severability and Modification**.

   (a) If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency, or other entity, Plaintiff and Defendants both agree that the court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal, or unenforceable, but could be interpreted or modified to be made valid, legal, or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable, and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification;

   (b) If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect. However, if the general release contained herein is limited or held to be null and void Plaintiff shall execute an enforceable general release or all monies paid hereunder shall be returned to Defendants.

7. **Resolution of Disputes**. The judge presiding over the Lawsuit (Honorable George B. Daniels) will retain jurisdiction over the Lawsuit for purposes of enforcement of this Agreement and its terms. Accordingly, any controversy or claims relating to this Agreement shall be resolved in a proceeding held in and before the U.S. District Court for the Southern District of New York, by Judge Daniels sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

8. **Section Headings**. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

9. **Competence to Waive Claims**. Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all claims as referenced above and to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, he has a clear and complete

understanding of this Agreement, as explained to his by his counsel. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle the Lawsuit, to waive all claims, and to indemnify Releasees from any claims by or relating to Plaintiff.

10. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

11. **Execution.**

(a) The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. The meaning, effect and terms of this Agreement have been fully translated and explained to Plaintiff by his counsel. Plaintiff fully understands that this Agreement generally releases, settles, bars, and waives any and all claims that he possibly could have against Releasees. Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys.

(b) Plaintiff fully understands the terms of this Agreement.

12. **Translation.** It is further understood and agreed between the Parties that counsel for Plaintiff shall be responsible for translating this Agreement to a language fully understood by Plaintiff, and to fully advise Plaintiff regarding the terms and conditions of this Agreement. Plaintiff's counsel affirms that his office has translated and communicated to Plaintiff the words and explained to Plaintiff the meaning of this Agreement. Any contention that the terms and conditions of this Agreement were not translated and communicated to Plaintiff by his counsel shall not be a basis to challenge or to set aside this Agreement.

PLAINTIFF IS ADVISED THAT HE SHALL HAVE TWENTY-ONE CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.

PLAINTIFF MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY PLAINTIFF SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO NADAV ZAMIR, ESQ., JACKSON LEWIS P.C., AT 44 SOUTH BROADWAY, 14TH FLOOR, WHITE PLAINS, NEW YORK, 10601, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR NEGOTIATED SETTLEMENT

AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO MR. ZAMIR, OR MAILED TO MR. ZAMIR AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER THE DAY PLAINTIFF SIGNS THIS AGREEMENT.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAYS CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL MICHAEL FAILLACE & ASSOCIATES P.C., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*BY PLAINTIFF:*

_____
Robert Fraticelli

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF _____ )

On the 28th day of JUNE, 2018, before me, the undersigned notary, ROBERT FRATICELLI personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement.

_____
Signature and Office of individual taking acknowledgment

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified in Nassau County
Commission Expires Nov. 9, 2019

*FOR DEFENDANTS Super Realty Management LLC (d/b/a Super Realty Management), Goldmont Enterprises, Inc., (d/b/a Goldmont Enterprises), Goldmont Holdings LLC (d/b/a Goldmont Holdings), Goldmont realty Corp. (d/b/a Goldmont Realty), Greene Package Realty LLC (d/b/a Greene Package Realty), and Leon Goldenberg:*

By: _____

9

**FOR DEFENDANTS Super Realty Management LLC (d/b/a Super Realty Management), Goldmont Enterprises, Inc., (d/b/a Goldmont Enterprises), Goldmont Holdings LLC (d/b/a Goldmont Holdings), Goldmont realty Corp. (d/b/a Goldmont Realty), Greene Package Realty LLC (d/b/a Greene Package Realty), and Leon Goldenberg:**

By: _____
Leon Goldenberg

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Kings      )

On the 28 day of June, 2018, before me, the undersigned notary, LEON GOLDENBERG personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiate Settlement Agreement on behalf of Super Realty Management LLC (d/b/a Super Realty Management), Goldmont Enterprises, Inc., (d/b/a Goldmont Enterprises), Goldmont Holdings LLC (d/b/a Goldmont Holdings), Goldmont realty Corp. (d/b/a Goldmont Realty), Greene Package Realty LLC (d/b/a Greene Package Realty), and himself.

_____
Signature and Office of individual taking acknowledgment

JEANINE WEISHLER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01-WE4838569
QUALIFIED IN QUEENS COUNTY
CERTIFICATE FILED IN NASSAU COUNTY
COMMISSION EXPIRES: JULY 15, 2019

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT FRATICELLI, individually and on
behalf of others similarly situated,

                              Plaintiff,

      -against-

SUPER REALTY MANAGEMENT LLC
(D/B/A SUPER REALTY MANAGEMENT),
GOLDMONT ENTERPRISES, INC. (D/B/A
GOLDMONT ENTERPRISES, GOLDMONT
HOLDINGS LLC (D/B/A GOLDMONT
HOLDINGS), GOLDMONT REALTY CORP.
(D/B/A GOLDMONT REALTY), 109TH
STREET ASSOCIATES LP (D/B/A 109 ST.
ASSOCIATES), GREENE PACKAGE
REALTY LLC (D/B/A GREENE PACKAGE
REALTY), VITO MONTALTO, LEON
GOLDENBERG, STUART BERELSON, and
ANDREW DOE,

                             Defendants.
-----------------------------------------------------------x

Civ. No.: 1:18-cv-00397-GBD

## **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Defendants Super Realty Management LLC (d/b/a Super Realty Management), Goldmont Holdings LLC (d/b/a Goldmont Holdings), Goldmont realty Corp. (d/b/a Goldmont Realty), Greene Package Realty LLC (d/b/a Greene Package Realty), and Leon Goldenberg (together herein "Defendants"), through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiff against Defendants in this action, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss the instant action with prejudice to Plaintiff. The terms of the Parties'

Negotiated Settlement Agreement have been reviewed and approved by the Court. The Court shall retain jurisdiction to enforce the terms of the Parties' Negotiated Settlement Agreement. No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

*Attorneys for Plaintiff*

MICHAEL FAILLACE & ASSOCIATES, P.C.

60 East 42nd Street, Suite 4510
New York, N.Y. 10165
Tele. (212) 317-1200

By: _____
Michael Faillace
Joshua Androphy

Dated: _____

*Attorneys for Defendants Super Realty Management LLC (d/b/a Super Realty Management), Goldmont Holdings LLC (d/b/a Goldmont Holdings), Goldmont Realty Corp. (d/b/a Goldmont Realty), Greene Package Realty LLC (d/b/a Greene Package Realty), and Leon Goldenberg*

JACKSON LEWIS P.C.

44 South Broadway, 14th Floor
White Plains, N.Y. 10601
Tele. (914) 872-8060

By: _____
Nadav Zamir
Jonathan M. Kozak

Dated: _____

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2018

_____
Honorable George B. Daniels
United States District Court Judge

4848-9941-0537, v. 2

2